■ PAUL LUNN et al., Plaintiffs, v COUNTY OF NASSAU et al., Defendants and Third-Party Plaintiffs-Appellants. HINCK ELECTRICAL CONTRACTORS, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants.—In a negligence action to recover damages for personal injuries, etc., the defendants and third-party plaintiffs appeal from so much of a judgment of the Supreme Court, Nassau County (Di Paola, J.), entered January 31, 1984, as, upon a jury verdict, dismissed the third-party complaint.

Judgment affirmed, insofar as appealed from, with one bill of costs to the third-party defendants-respondents appearing separately and filing separate briefs.

The instant action arises out of a highway accident which occurred shortly after 1:00 A.M. on the morning of September 10, 1981, in which plaintiff Paul Lunn (hereinafter Lunn), an employee of the third-party defendant Hinck Electrical Contractors, Inc. (hereinafter Hinck), was struck and injured by a vehicle operated by the defendant and third-party plaintiff Joseph Chambers (hereinafter Chambers) and owned by the defendant and third-party plaintiff County of Nassau (hereinafter the county). Lunn was performing some electrical work on a closed section of the Long Island Expressway between exits 51 and 52 at the time of the accident. This work was being performed pursuant to a repaving contract between the State of New York and the third-party defendants Jafro Contracting Corp. and Jafro Contracting, Inc. (hereinafter collectively Jafro). Lunn and his wife thereafter commenced this negligence action against Chambers and the county, who, in turn, commenced the instant third-party action for contribution and/or indemnification against Hinck, Jafro and third-party defendant Amfar Asphalt Corp. (hereinafter Amfar). At a bifurcated trial, after Chambers and the county rested their case, the trial court dismissed the third-party action against Amfar and submitted the remaining claims to the jury for resolution. The jury's verdict was in favor of the plaintiffs in the main action and in favor of Hinck and Jafro in the third-party action. Subsequent to the liability verdict, but before an adjudication of the damages issue could be obtained, the county settled with the plaintiffs for the sum of $1,500,000.

This appeal now seeks the reinstatement of the third-party complaint against Hinck and Jafro and a new trial.

Chambers and the county contend that the trial court's failure to include a question concerning apportionment of liability between Hinck and Jafro in the set of interrogatories it submitted to the jury improperly suggested that the third-party claim was without merit. We find this contention both factually and legally unpersuasive. In explaining the interrogatories to the jury during its charge, the trial court specifically instructed the jurors that they were not to draw any inferences as to the issue of liability from the submission of the questions. Moreover, when counsel for the county requested that an apportionment question be submitted for the jury's consideration, the court stated that it would submit such an interrogatory in the event that the jury found more than one party liable for Lunn's injuries. The trial court has broad discretion in deciding whether to submit interrogatories to the jury (see, CPLR 4111 [c]; Aiello v Wenke, 118 Misc 2d 1068). In the instant case, we discern no abuse of that discretion. Indeed, the format employed in this multiparty case had the highly desirable effect of avoiding confusion of the jury (see, 1 NY PJI2d 613-614), and was therefore a proper exercise of discretion. Likewise, we find that the trial court properly charged the jury as to the applicable provisions of the Labor Law (see, PJI 2:216).

Equally unconvincing is the contention of Chambers and the county that the jury's verdict, insofar as it found no liability on the part of Hinck and Jafro, is unsupported by the weight of the evidence. The conflicting testimony at trial (most of which favored Hinck and Jafro) concerning the proper placement, inter alia, of barricades and detour signs, raised an issue of fact as to whether the third-party defendants met their obligations to provide Lunn with a reasonably safe work area. Moreover, the testimony of several witnesses strongly suggested that Chambers was intoxicated at the time his vehicle collided with Lunn; thus the jury could reasonably infer that Chambers and the county were solely liable for the resulting injuries. The resolution of conflicting evidence and the credibility of witnesses is a matter for jury determination (Taype v City of New York, 82 AD2d 648, lv denied 55 NY2d 608), and the resulting verdict may not be disturbed unless it clearly appears to be unsupported by any fair evaluation of the evidence (see, Dominguez v Manhattan & Bronx Surface Tr. Operating Auth., 46 NY2d 528; Fotiu v Ewing, 90 AD2d 602). A fair interpretation of the evidence in this case clearly

establishes that the jury's verdict was well supported and should not be interfered with (see, O'Boyle v Avis Rent-A-Car Sys., 78 AD2d 431).

Finally, we observe that the third-party claim for contribution is barred by reason of the settlement between the county and the plaintiffs. Since this settlement was entered into after the liability verdict but before a determination as to damages, it constitutes a prejudgment settlement subject to General Obligations Law § 15-108 (c) (see, Makeun v State of New York, 98 AD2d 583). Accordingly, we affirm the portion of the judgment appealed from. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.