■ GERALD PLATOVSKY et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents. [713 NYS2d 358] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Douglass, J.), dated February 2, 1999, which, upon a jury verdict awarding the plaintiff Gerald Platovsky damages in the sum of $3,128,000 for past lost earnings, $846,460 for past pain and suffering, and $119,680 for past medical and psychiatric expenses, and awarding the plaintiff Vicky-Jo Platovsky $105,860 on her derivative cause of action, is in favor of the plaintiffs and against them, and the plaintiffs cross-appeal from so much of the same judgment as failed to award them future damages.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial on all issues of liability and damages, with costs to abide the event.

The defendants contend that the trial court committed re-

versible error in admitting certain improper documentary evidence, and allowing improper testimony. The defendants also argue that they were improperly denied the opportunity to cross-examine the injured plaintiff, Gerald Platovsky (hereinafter the plaintiff), about an alleged prior bad act, and to present evidence that the plaintiff may have been stabbed at a location other than that alleged in the complaint. We agree and reverse.

The trial court improperly admitted into evidence a memorandum dated January 19, 1982, concerning security at the hospital when the plaintiff was attacked. The memorandum was not a business record (*see,* CPLR 4518), and included a discussion of post-incident remedial measures (*see generally, Caprara v Chrysler Corp.,* 52 NY2d 114). The trial court also improperly allowed witnesses to testify concerning the content of newspaper articles. That testimony constituted inadmissible hearsay (*see, Young v Fleary,* 226 AD2d 454).

The trial court should have allowed the defendants to cross-examine the plaintiff as to whether he had improperly kept a public document, as such an act would have had some tendency to demonstrate moral turpitude, and was therefore relevant on the issue of his credibility (*see, Badr v Hogan,* 75 NY2d 629). Additionally, the trial court improperly precluded the defendants from presenting evidence that the plaintiff was not stabbed in the hospital stairwell as he contended. The defendants sought to present evidence that blood was found on the plaintiff's bed in the on-call room, but not in the stairwell or on the path the plaintiff allegedly followed from the stairwell to where he was found. The defendants were also denied the opportunity to present rebuttal testimony from an expert witness to the effect that blood should have been found in the stairwell, had the plaintiff been attacked in the manner he had described. Reversal of a judgment based upon the improper exclusion of evidence is warranted when, had such evidence been admitted, it may have had a substantial influence upon the result of the trial (*see, Walker v State of New York,* 111 AD2d 164). While any individual error here may be viewed as harmless, viewed collectively it cannot be said, as a matter of law, that the errors would not have had a substantial influence on the result of the trial (*see, Barbagallo v Americana Corp.,* 25 NY2d 655).

In light of our determination, a new trial is granted on all of the issues of liability and damages, including the failure to award future damages to the plaintiffs. O'Brien, J. P., Goldstein, Luciano and Smith, JJ., concur.