■ FRANK GARGUILO, Appellant, v CITY OF NEW YORK et al., Respondents. [720 NYS2d 397] —In an action to recover damages for personal injuries and medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Patterson, J.), entered September 17, 1999, which, upon a jury verdict, is in favor of the defendants and against him.

Ordered that the judgment is modified, on the law, by deleting the decretal paragraph thereof which, in effect, dismissed the complaint insofar as asserted against the defendants Lutheran Medical Center and Gerard M. Casale; as so modified, the judgment is affirmed, with costs to the plaintiff, payable by the defendants Lutheran Medical Center and Gerard Casale, a new trial is granted with respect to those defendants, and the action against the remaining defendants is severed.

After the plaintiff was in an automobile accident, he was taken to the defendant Lutheran Medical Center, where he was treated by the defendant Dr. Gerard M. Casale. Dr. Casale directed that X-rays be taken of the plaintiff. The X-rays revealed a widened mediastinum, which could indicate a spinal fracture or other serious condition. Dr. Casale did not ask a radiologist to assist him in reading the X-rays. According to Dr. Casale, the plaintiff refused additional X-rays and asked Dr.

Casale to leave him alone because his "body hurts." The plaintiff was discharged from the hospital after three hours.

The plaintiff's expert witness noted that a widening mediastinum was "absolutely visible" in the X-rays. According to the expert, failure to consult a radiologist and failure to further investigate the widened mediastinum were departures from accepted medical practice. Further investigation would have disclosed a fracture of the sternum and a fracture and dislocation of the third and fourth thoracic vertebrae. The plaintiff also submitted expert testimony that the plaintiff should have been administered pain medication and should have been advised of the risks of not consenting to further X-rays.

In its instructions to the jury, the court noted that the plaintiff contended that Dr. Casale negligently failed to take and/or interpret sufficient X-rays to diagnose and treat the plaintiff's spine, negligently failed to admit the plaintiff to the hospital for further workup and necessary treatment, negligently failed to advise the plaintiff of the severe risks and consequences of refusing to submit to further X-ray testing, and negligently failed to order a radiological consult.

The plaintiff's proposed interrogatories included, among others, "Was Dr. Casale negligent in failing to observe and record a widened mediastinum in plaintiff's chest[?]," and "Did Dr. Casale depart from accepted standards of medical care by failing to obtain a consult with a radiologist?," "Did Dr. Casale negligently fail to inform plaintiff of the consequence of refusing to submit to further cervical spine X-ray?," and "Was Dr. Casale negligent in failing to order and administer analgesics and sedatives while plaintiff was in the emergency room at Lutheran Medical Center?." Nevertheless, the court, in its verdict sheet, submitted only two theories of liability against Dr. Casale to the jury. The jury was asked if Dr. Casale requested additional X-rays. The jury was also asked if Dr. Casale departed from good and accepted standards of medical practice by discharging the plaintiff from the hospital. The error in improperly limiting the theories of liability against Dr. Casale warrants a new trial with respect to Dr. Casale and Lutheran Medical Center (*cf., Marzuillo v Isom,* 277 AD2d 362).

Additionally, the verdict sheet was confusing because any mention of Lutheran Medical Center, which was vicariously liable for the negligence of Dr. Casale, was removed from the verdict sheet, based upon its stipulation that it was vicariously liable. Upon accepting that stipulation, the court assured the plaintiff's counsel that it would explain to the jury why Lutheran Medical Center was removed from the verdict sheet.

However, no explanation was given. At the conclusion of the court's instructions to the jury, the plaintiff's counsel argued that the jury was misled to believe that there were only two defendants.

Since there must be a new trial, we note that the interrogatories to the jury improperly included interrogatories as to comparative negligence arising from the automobile accident itself, since the injuries in issue here were not the initial injuries the plaintiff sustained in the accident, but, rather, the exacerbation of those injuries (*see, Yardeny v Fondacaro*, 57 AD2d 924).

The plaintiff's remaining contentions are without merit, or need not be addressed in light of our determination. Santucci, J. P., S. Miller, Friedmann and Goldstein, JJ., concur.