■ BARBARA VOULO et al., Appellants, v ANTHONY T. BOZZA, Respondent. [742 NYS2d 366] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Phelan, J.), entered February 26, 2001, which, upon a jury verdict, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The defendant performed a hysterectomy and ovarian cystectomies on the plaintiff Barbara Voulo (hereinafter the plaintiff). During closure, the defendant observed a "bleeder" and used an electric cautery in an attempt to stop the bleeding. In doing so, he burned a one- to two-centimeter hole in the plaintiff's abdomen. Over the next two days, she lost a substantial amount of blood and eventually received a transfusion of two units of packed red blood cells. She had an adverse reaction to the transfusion and developed a hernia and other postsurgical complications.

At trial, the plaintiffs' expert testified that the defendant departed from good and accepted medical practice by, among other things, failing to locate the source of the "bleeder" and properly treat it during surgery, failing to return the plaintiff to the operating room to reexplore the incision when she continued to bleed after surgery, and failing to perform a postoperative pelvic sonogram to locate the source of the bleeding.

According to the defendant, the plaintiff was not bleeding

when the surgery was completed and her complications developed postoperatively. His expert also testified, based on his review of the records, that the plaintiff was not bleeding at the close of the surgery and that the defendant's postsurgical care was proper.

The verdict sheet submitted to the jury contained a number of interrogatories. Question number three asked if there was a "subfascial muscle bleeder" present when the defendant closed the surgical site. If the answer to that question was no, the jury was instructed not to consider the remaining liability interrogatories involving the defendant's postsurgical care. The jury answered "no" to question three and reported its verdict. The plaintiffs failed to object to the interrogatories before they were submitted to the jury because, admittedly, counsel had not carefully read the instructions and had assumed that all the liability questions would be considered by the jury. However, before the jury was discharged, the plaintiffs did object and requested that all the liability interrogatories be submitted for consideration. The court refused to send the jury to deliberate.

Contrary to the defendant's contention, the plaintiffs did not waive their objection to the interrogatories under the circumstances of this case where they objected prior to the discharge of the jury and the jury could have been instructed to resume their deliberations and answer the remaining interrogatories (cf. Marine Midland Bank v Russo Produce Co., 50 NY2d 31, 41).

There was sufficient evidence to support the plaintiffs' theory that the defendant failed to properly treat the plaintiff's postsurgical bleeding, even if a bleeder was not present when the surgical site was closed. Consequently, the Supreme Court erred in declining to submit the interrogatories regarding the defendant's postoperative care to the jury, and a new trial must be held (see Garguilo v City of New York, 280 AD2d 515). Santucci, J.P., Altman, McGinity and Adams, JJ., concur.