■ Gregory Shinder et al., Appellants, v Nasser K. Altorki, Defendant, and New York Presbyterian Hospital, Inc., Respondent. [765 NYS2d 522] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Clemente, J.), dated May 22, 2002, as, upon a jury verdict, is in favor of the defendant New York Presbyterian Hospital, Inc., and against them dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the complaint is reinstated insofar as asserted against the defendant New York Presbyterian Hospital, Inc., and a new trial is granted with respect to that defendant, with costs to abide the event.

We agree with the plaintiffs that the Supreme Court erred in failing to submit to the jury interrogatories regarding the alleged vicarious liability of the defendant New York Presbyterian Hospital, Inc. (hereinafter NYPH), and thus a new trial is required (see Voulo v Bozza, 294 AD2d 494 [2002]). There was sufficient evidence for the jury to find that a surgical intern, an NYPH employee, performed the procedure that caused the injuries sustained by the plaintiff Gregory Shinder (cf. O'Regan v Lundie, 299 AD2d 531 [2002]).

However, the Supreme Court properly permitted cross-examination of the plaintiffs' expert regarding the circum-

stances under which the expert left the employment of NYPH. The questioning was narrowly tailored to the issue of the witness's credibility and his potential bias or hostility toward NYPH (*see Badr v Hogan,* 75 NY2d 629 [1990]; *see also Platovsky v City of New York,* 275 AD2d 699, 700 [2000]). Prudenti, P.J., Smith, Friedmann and H. Miller, JJ., concur.