■ HARRIET BEIZER, Appellant, v LEE SCHWARTZ, Respondent. [789 NYS2d 724]—

In an action to recover damages for dental malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered August 27, 2003, which, upon a jury verdict in favor of the defendant and against her, dismissed the complaint.

Ordered that the judgment is reversed, on the law, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial, with costs to abide the event.

The plaintiff became a patient of the defendant, a general dentist, in 1988, and had 36 appointments with him during the next seven years. On July 14, 1995, the defendant observed that two of the plaintiff's teeth were very mobile—a warning sign of periodontal disease—and he referred her to a periodontist. The plaintiff saw a periodontist in October 1995. However, her periodontal disease had progressed to the point that the two teeth had to be extracted. She subsequently commenced this action alleging, inter alia, that the defendant's treatment of her was negligent, deviated from good and accepted dental care and practice, and that he should have referred her to a periodontist sooner.

At the trial, the defendant testified that he actually referred the plaintiff to a periodontist on both May 10, 1994, when he first noticed that one of her teeth was mobile, and again on December 26, 1994. The plaintiff testified, however, that no

referrals were made until July 14, 1995. The jury found that the defendant failed to refer the plaintiff to a periodontist until July 14, 1995, but that this failure was not a substantial factor in causing the plaintiff to suffer further periodontal disease. We reverse and grant a new trial.

The Supreme Court erred in restricting the plaintiff's expert from testifying regarding periodontal matters. The fact that the expert was a general dentist, and not a periodontist, went to the weight to be accorded his testimony, not its admissibility (*see Gordon v Tishman Constr. Corp.*, 264 AD2d 499, 502 [1999]; *Julien v Physician's Hosp.*, 231 AD2d 678, 680 [1996]; *Humphrey v Jewish Hosp. & Med. Ctr. of Brooklyn*, 172 AD2d 494 [1991]). Indeed, the plaintiff's expert testified that he performed periodontal surgery in the past.

There was sufficient evidence presented to support the plaintiff's claim that the defendant's failure to take X-rays of her teeth on May 10, 1994, and December 26, 1994, despite his awareness that she was experiencing bone loss, was a deviation from good and accepted practice. Therefore, the Supreme Court erred in declining to submit an interrogatory to the jury regarding this theory of negligence (*see Voulo v Bozza*, 294 AD2d 494, 495 [2002]; *Garguilo v City of New York*, 280 AD2d 515, 516 [2001]).

The plaintiff's remaining contentions are without merit. Goldstein, J.P., Luciano, Crane and Spolzino, JJ., concur.