■ CECELIA SCANGA et al., Appellants, v FAMILY PRACTICE AS-SOCIATES OF ROCKLAND, P.C., et al., Respondents. [813 NYS2d 112]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Rockland County (Weiner, J.), dated February 20, 2004, which, upon a jury verdict, is in favor of the defendants and against them dismissing the complaint, and (2) an order of the same court dated June 3, 2004, which denied their motion to set aside the verdict and for a new trial.

Ordered that the order is reversed, on the law, the motion is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Rockland County, for a new trial, with costs to abide the event; and it is further,

Ordered that the appeal from the judgment is dismissed, as academic.

During trial, the defendants' expert, a pathologist, testified that he examined recut biopsy slides not admitted into evidence. He testified that recut biopsy slides taken from an original biopsy sample have the same accession number on the original biopsy slides and the original pathology report. However, he also testified that the accession number on the recut biopsy slides he reviewed was 97-5830, while the accession number on the original pathology report was 97-5839.

Under the professional reliability exception, material not in evidence may be used to formulate an expert's opinion provided that the material not in evidence is of the kind accepted in the profession as a basis in forming an opinion, and the material not in evidence is accompanied by evidence establishing its reliability (*see Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 726 [1984]; *People v Sugden*, 35 NY2d 453, 460-461 [1974]; *Wagman v Bradshaw*, 292 AD2d 84, 85 [2002]). Here, the defendants failed to establish the reliability of the recut biopsy slides as there was no evidence, except the expert's conjecture, that the slides were actually recut from the original biopsy sample (*see Wagman v Bradshaw, supra* at 89). As such, the opinion testimony of the defendants' expert should have been stricken.

Since there must be a new trial, we note that the verdict sheet precluded the jury from awarding damages for the decedent's pain and suffering during his life, absent a finding that the defendants' medical malpractice was a substantial cause of the decedent's death; this was improper as the decedent could have sustained pain and suffering during his life due to malpractice without the malpractice causing his death (*see Beizer v Schwartz*, 15 AD3d 433, 434 [2005]; *Garguilo v City of New York*, 280 AD2d 515, 516 [2001]).

The plaintiffs' remaining contention is without merit. Crane, J.P., Krausman, Rivera and Dillon, JJ., concur.