ENNY LAWSON, Appellant, v BROOKDALE HOSPITAL MEDICAL CENTER, Defendant and Third-Party Plaintiff-Respondent. FREDRIC J. COHEN, Third-Party Defendant-Respondent. [842 NYS2d 44]—

In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Levine, J.), dated November 23, 2005, which, upon a jury verdict, is in favor of the defendant third-party plaintiff and against her, in effect, dismissing the complaint and is in favor of the third-party defendant and against the defendant third-party plaintiff dismissing the third-party complaint.

Ordered that appeal from so much of the judgment as is in favor of the third-party defendant and against the defendant third-party plaintiff dismissing the third-party complaint is dismissed, as the appellant is not aggrieved by that portion of the judgment (*see* CPLR 5511); and it is further,

Ordered that the judgment is reversed insofar as reviewed, on the law, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

The plaintiff injured her left ring finger in a game of volleyball. She went to the defendant third-party plaintiff, *Brookdale Hospital Medical Center* (hereinafter the hospital), for treatment. The plaintiff's condition was misdiagnosed at the hospital as a boutonniere deformity, and surgery was recommended. Some weeks later the plaintiff returned for surgery to

be performed by the third-party defendant, Dr. Fredric J. Cohen. Dr. Cohen made an independent diagnosis of volar plate instability and flexor tendon disruption, and he operated accordingly. As a result of the surgery, the plaintiff claimed she suffered an ulnar nerve laceration with resultant flexion deformity (her finger could not be straightened), requiring additional surgery. At trial, her expert opined that the first surgery was unnecessary and that she should have been treated with a splint for a volar plate injury. According to this expert witness, because of the original surgery, the plaintiff suffered a laceration of the ulnar nerve. The hospital's expert took issue with this conclusion, testifying that there could have been no ulnar nerve laceration because the plaintiff never complained of numbness, which must, he said, accompany such an injury.

When it was time to instruct the jury and construct the verdict sheet interrogatories, the plaintiff suggested two interrogatories: whether the hospital departed from accepted standards of medical practice by failing to properly diagnose the plaintiff's condition and whether the hospital departed from accepted standards of medical practice by performing unnecessary surgery. The court refused to submit these questions to the jury on the ground that these departures were not a proximate cause of the plaintiff's injury. Instead, the court submitted the following interrogatory: "Did the defendant, Brookdale Hospital Medical Center, depart from good and accepted standards of medical care in the surgery performed by Dr. Fredric J. Cohen by allegedly lacerating plaintiff's ulnar digital nerve?" The jury answered in the negative.

The trial court properly withheld the plaintiff's first proposed interrogatory from the jury. The original misdiagnosis of a boutonniere deformity could not have been a proximate cause of the plaintiff's injury in view of the fact that it was supplanted by the later, independent, and contradictory, diagnosis by Dr. Cohen. To the extent that the proposed first interrogatory intended to inquire whether Dr. Cohen's independent diagnosis was a departure from good and accepted standards of medical practice, such independent diagnosis also was not shown to be a proximate cause of the plaintiff's injury. However, the trial court erred in withholding the proposed second interrogatory presenting the plaintiff's theory that Dr. Cohen's surgery was unnecessary, and the substitute interrogatory that the trial court did submit to the jury was ambiguous. It cannot be determined from the jury's answer to the interrogatory whether the jury found that the ulnar nerve was not lacerated or whether the jury found that the laceration was not a departure from good and accepted medical practice.

Since the trial court failed to submit the proposed second interrogatory, and submitted an ambiguous interrogatory to the jury, a new trial is necessary (*see Beizer v Schwartz,* 15 AD3d 433, 434 [2005]; *Voulo v Bozza,* 294 AD2d 494, 495 [2002]; *Garguilo v City of New York,* 280 AD2d 515, 516 [2001]; *cf. Mertsaris v 73rd Corp.,* 105 AD2d 67, 75 [1984]).

The remaining contentions of the hospital and Dr. Cohen are without merit Crane, J.P., Florio, Covello and Angiolillo, JJ., concur.