■ RICHARD ARTO et al., Appellants, v CAIRO CONSTRUCTION, INC., et al., Respondents. [972 NYS2d 599]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Garguilo, J.), entered March 9, 2012, which, upon a jury verdict, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of liability and, if warranted, a trial on the issue of damages.

The defendants, Joseph Cairo and Cairo Construction, Inc., were hired by homeowner Mathias Arnold to perform work in connection with a home renovation project. The injured plaintiff, who was employed by a roofing contractor, was injured while working on the roof of the house. The injured plaintiff, and his wife suing derivatively, thereafter commenced this action to recover damages for personal injuries, alleging a violation of Labor Law § 240 (1).

At the trial of the action, Arnold testified that he hired the defendants to replace the windows, siding, and roof on the house, that the defendants hired the injured plaintiff's employer to do the roofing work, and that the defendants supervised and controlled the roofing work. The injured plaintiff also testified that the defendants supervised and controlled his work. In contrast, Joseph Cairo testified that he was hired only to replace the siding and windows, and that he recommended a roofing contractor to Arnold, but that Arnold contracted with the roofing contractor. Joseph Cairo also testified that he did not supervise or control the injured plaintiff's work. At the close of the evidence, the trial court submitted to the jury the following question: "Was defendant Joseph Cairo d/b/a Cairo Construction the general contractor, coordinating the trades, on the project?" The jury answered the question in the negative, and judgment was entered in favor of the defendants, dismissing the complaint.

The Supreme Court erred in submitting the above-quoted question to the jury, over the plaintiffs' objection. In addition to owners and general contractors, Labor Law § 240 (1) imposes liability upon agents of the property owner who have the ability to control the activity which brought about the injury (see *Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]; *Tomyuk v Junefield Assoc.*, 57 AD3d 518, 520 [2008]). Here, the evidence at trial demonstrated that the home renovation project

included aspects other than the replacement of the siding, windows, and roof, which aspects the plaintiffs did not claim were controlled by the defendants. In this context, the question as to whether the defendants were acting as the "general contractor, coordinating the trades on the project" was ambiguous because it was unclear whether the jury was to consider whether the defendants "coordinat[ed]" all of the trades on the project, or just the siding, windows, and roofing trades. In light of the trial evidence, the jury should have been instructed to determine whether the defendants were acting as the homeowner's agent, with the authority to supervise and control the injured plaintiff's work on the roof (*see generally Walls v Turner Constr. Co.*, 4 NY3d at 863-864). Accordingly, since the error was not harmless a new trial is required (*see Oliver v New York City Tr. Auth.*, 96 AD3d 1028, 1030 [2012]; *Lawson v Brookdale Hosp. Med. Ctr.*, 43 AD3d 880, 881-882 [2007]; *Beizer v Schwartz*, 15 AD3d 433, 434 [2005]).

In light of our determination, we need not consider the plaintiffs' remaining contentions. Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.