SECOND DEPARTMENT, NOVEMBER, 2014

(November 5, 2014)

■ MAUREEN ABATO, Appellant, v DAVID BELLER et al., Defendants, and EDWARD MILLER, Respondent. [996 NYS2d 298]—

In an action to recover damages for dental malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Dabiri, J.), entered July 12, 2011, which, upon a jury verdict, is in favor of the defendant Edward Miller and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated insofar as asserted against the defendant Edward Miller, and a new trial is granted as against that defendant.

On May 2, 2000, the defendant Edward Miller, an oral surgeon, performed a jaw advancement surgery on the plaintiff, then 38 years of age, in coordination with Dr. Marc Lemchen, an orthodontist who referred the plaintiff to Miller. On the Friday before the surgery, which was scheduled for a Monday morning at 9:00 a.m., Miller attempted, without success, to contact Dr. Lemchen to advise him of a change in the preopera-

tive plan that they had agreed upon. On the day of the surgery, Miller implemented the changed version of the preoperative plan. Instead of performing a jaw advancement and moving the plaintiff's jaw several millimeters to the left to correct her mandibular midline, as initially planned, Miller performed the jaw advancement, but left the plaintiff's mandibular midline "as it was preop." The plaintiff alleges that Miller's failure to correct her mandibular midline resulted in her requiring corrective surgery two years later.

The verdict sheet submitted to the jury contained a number of interrogatories. Question number 2A asked: "Did the defendant, Dr. Edward Miller, depart from good and accepted standards of oral and maxillofacial surgical practice in not adequately communicating to the orthodontist his preoperative plan, to leave the mandibular midline as it was preoperative?" Question number 2B, to be reached only if the jury answered "yes" to 2A, asked: "Was this departure by Dr. Edward Miller a substantial factor in causing injury to the plaintiff . . . ?" The plaintiff contends that the court erred in denying her request that the jury be given an interrogatory asking whether there had been a departure in the preoperative planning itself, and in the performance of the surgery, rather than just in his failure to communicate the change in plan. We agree.

"The trial court has broad discretion in deciding whether to submit interrogatories to the jury" (*Lunn v County of Nassau*, 115 AD2d 457, 458 [1985]; *see* CPLR 4111 [c]). However, where there is sufficient evidence to support a plaintiff's cause of action pursuant to a particular theory of negligence, it is error to deny a request by the plaintiff to submit an interrogatory to the jury regarding that theory (*see Beizer v Schwartz*, 15 AD3d 433, 434 [2005]). Moreover, where a court improperly limits a verdict sheet in this manner, a new trial is warranted (*see Lawson v Brookdale Hosp. Med. Ctr.*, 43 AD3d 880, 882 [2007]; *Voulo v Bozza*, 294 AD2d 494, 495 [2002]; *Garguilo v City of New York*, 280 AD2d 515 [2001]). Contrary to the Supreme Court's conclusion, there was sufficient evidence to support the plaintiff's theory that Miller departed from accepted standards of dental care in changing the preoperative plan and failing to correct the mandibular midline, and a new trial must be conducted in connection with the complaint insofar as asserted against him (*see Voulo v Bozza*, 294 AD2d at 495; *Garguilo v City of New York*, 280 AD2d 515 [2001]).

The Supreme Court providently exercised its discretion in permitting Dr. Stephen Sachs to testify as an expert on Miller's behalf. The plaintiff contends that she had an expectation of

confidentiality with respect to information obtained in 2002 by Dr. Sachs's partner, Dr. Michael Schwartz, when Dr. Schwartz examined her at her request in contemplation of litigation. The court, however, was entitled to credit Dr. Sachs's testimony that Dr. Schwartz disclosed no confidential or privileged information to him at any time (*see Roundpoint v V.N.A., Inc.*, 207 AD2d 123, 125 [1995]).

The plaintiff's remaining contention need not be addressed in light of our determination that there must be a new trial. Dickerson, J.P., Leventhal, Sgroi and LaSalle, JJ., concur.