Lawrence v New York Methodist Hosp. (2024 NY Slip Op 05571)

Lawrence v New York Methodist Hosp.

2024 NY Slip Op 05571

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2020-03014
 (Index No. 21849/13)

[*1]Thelma Lawrence, appellant, 
v
New York Methodist Hospital, et al., respondents.

Goldstein & Goldstein, Brooklyn, NY (Arnold J. Goldstein and Benjamin Goldstein of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandell of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated February 19, 2020. The judgment, upon a jury verdict in favor of the defendants on the issue of liability, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial consistent herewith.
On January 25, 2011, the plaintiff presented to the defendant New York Methodist Hospital (hereinafter the Hospital) with a chief complaint of abdominal pain. A CAT scan revealed the presence of a substernal goiter in the plaintiff's chest. On January 26, 2011, the defendant Richard S. Lazzaro, a board-certified thoracic surgeon employed by the Hospital, reviewed the plaintiff's CAT scan and entered a progress note in her medical chart indicating a residual substernal goiter with airway compression, with a plan of right video-assisted resection or "Robotic VATS" to remove the goiter. On February 2, 2011, Lazzaro surgically removed the substernal goiter from the plaintiff's chest. Following the surgery, the plaintiff complained of chest discomfort, difficulty breathing, and voice hoarseness. In March 2011 and November 2011, Lazzaro performed additional procedures on the plaintiff to address injuries or deficits to her right lung and right diaphragm as a result of the February 2, 2011 surgery. The plaintiff alleged, among other things, that surgical removal of the substernal goiter was not required, and that Lazzaro departed from good and accepted medical practice by removing the substernal goiter without first conducting a physical examination of the plaintiff and by damaging the plaintiff's right phrenic nerve and right recurrent laryngeal nerve during the February 2, 2011 surgery.
At the close of evidence at trial, the Hospital conceded that, as Lazzaro's employer, it would be vicariously liable for any alleged negligence of Lazzaro, but moved to dismiss so much of the complaint insofar as asserted against it as sought recovery based on the Hospital's direct liability. The Supreme Court granted the Hospital's motion. The verdict sheet submitted to the jury contained a number of interrogatories relating to a single theory of negligence, the first of which [*2]asked whether Lazzaro departed from good and accepted standards of medical practice "by proceeding with the surgery on February 2, 2011." The jury answered the first interrogatory in the negative and, thereupon, returned a verdict in favor of the defendants. The court thereafter issued a judgment in favor of the defendants and against the plaintiff, in effect, dismissing the complaint. The plaintiff appeals.
"'A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence'" (Berlich v Maimonides Med. Ctr., 208 AD3d 1148, 1149, quoting Knapp v Soffer, 196 AD3d 551, 552 [internal quotation marks omitted]; see Lolik v Big V Supermarkets, 86 NY2d 744, 746). "'When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view'" (Berlich v Maimonides Med. Ctr., 208 AD3d at 1149, quoting Feiner v Galpern, 187 AD3d 992, 993). Moreover, "'[w]here conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert'" (Molina v Goldberg, ____ AD3d ____, ____, 2024 NY Slip Op 03818, *3, quoting Grullon v Thoracic Surgical, P.C., 208 AD3d 1163, 1165). Here, the jury's finding that Lazzaro did not depart from good and accepted standards of medical practice by proceeding with the surgery on February 2, 2011, was based on a fair interpretation of the evidence and, thus, was not contrary to the weight of the evidence.
However, the Supreme Court erred in denying the plaintiff's request that the jury be given an interrogatory asking whether Lazzaro departed from good and accepted standards of medical practice by "the improper performance of a surgical procedure," and therefore a new trial is required on this theory of negligence. "'Jury interrogatories must be based on claims supported by the evidence'" (Aronov v Kanarek, 166 AD3d 574, 575, quoting Spagnole v Staten Is. Univ. Hosp., 77 AD3d 816, 816). "'The trial court has broad discretion in deciding whether to submit interrogatories to the jury'" (Abato v Beller, 122 AD3d 554, 555, quoting Lunn v County of Nassau, 115 AD2d 457, 458; see CPLR 4111[c]). "However, where there is sufficient evidence to support a plaintiff's cause of action pursuant to a particular theory of negligence, it is error to deny a request by the plaintiff to submit an interrogatory to the jury regarding that theory" (Abato v Beller, 122 AD3d at 555; see Beizer v Schwartz, 15 AD3d 433, 434).
Here, the plaintiff introduced sufficient evidence at trial to support her theory that Lazzaro departed from good and accepted standards of medical practice by the manner in which he performed the surgery on February 2, 2011. In particular, Lazzaro testified, as part of the plaintiff's case, that he performed two additional procedures on the plaintiff following the February 2, 2011 surgery, and that both procedures were a direct result of the surgery that he performed on February 2, 2011. One of the procedures addressed an event involving the plaintiff's right recurrent laryngeal nerve, which event caused a partial collapse of the plaintiff's right lung, and the other procedure addressed the partial paralysis of the plaintiff's right diaphragm. In addition, the plaintiff's medical expert testified that the recurrent laryngeal nerve supplies nerve function for the vocal cord, and that, in his opinion, the vocal hoarseness the plaintiff suffered following the February 2, 2011 surgery resulted from a division of the recurrent laryngeal nerve during that surgery. The plaintiff's medical expert also testified that the right diaphragm is controlled by the phrenic nerve, that partial paralysis of the diaphragm diminishes the capacity to breathe, and that, in his opinion, the partial paralysis of the plaintiff's right diaphragm following the February 2, 2011 surgery resulted from a division of the phrenic nerve during that surgery (see Stewart v New York Hosp. Queens, 214 AD3d 919, 921-922; Abato v Beller, 122 AD3d at 555; Cicione v Meyer, 33 AD3d 646, 648). Contrary to the defendants' contention, this proposed interrogatory was not duplicative of the sole interrogatory answered by the jury, which asked whether Lazzaro departed from good and accepted standards of medical practice by "proceeding" with the surgery on February 2, 2011. Accordingly, the judgment must be reversed and the matter remitted to the Supreme Court, Kings County, for a new trial.
The plaintiff's remaining contentions are without merit.
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court