Matter of State of New York v Kevin W. (2025 NY Slip Op 00455)

Matter of State of New York v Kevin W.

2025 NY Slip Op 00455

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2022-07086
 (Index No. 1111/19)

[*1]In the Matter of State of New York, appellant,
v
Kevin W. (Anonymous), respondent.

Letitia James, Attorney General, New York, NY (Judith N. Vale and Daniel S. Magy of counsel), for appellant.
Craig S. Leeds, New York, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Kevin W., a sex offender allegedly requiring civil management, the petitioner appeals from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated August 26, 2022. The order, upon a finding, made after a jury trial, that Kevin W. does not suffer from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), directed the New York State Office of Mental Health to release Kevin W. from its custody and, in effect, denied the petition. By decision and order on motion dated September 16, 2022, this Court granted the petitioner's motion to stay enforcement of the order pending hearing and determination of the appeal.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a new trial in accordance herewith.
Prior to the release of Kevin W. (hereinafter the respondent) from prison, where he was incarcerated pursuant to his convictions, inter alia, of rape in the first degree and sexual abuse in the first degree, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for the civil management of the respondent (see Mental Hygiene Law § 10.06[a]). Prior to trial, the Supreme Court precluded the proposed opinion testimony of the State's expert that the respondent suffered from sexual sadism and the underlying basis evidence for that diagnosis. Following a jury trial, the jury found that the respondent did not suffer from a mental abnormality as defined in Mental Hygiene Law § 10.03(i). In an order dated August 26, 2022, upon that finding, the court directed the New York State Office of Mental Health to release the respondent from its custody and, in effect, denied the petition. The State appeals.
In precluding the proposed opinion testimony of the State's expert that the respondent suffered from sexual sadism, the Supreme Court effectively found that such diagnosis was supported only by inadmissible evidence, in particular, unreliable and unduly prejudicial hearsay. This was error.
Contrary to the Supreme Court's determination, the State's expert should have been permitted to give hearsay basis testimony regarding a statement made to her by the respondent's [*2]sexual abuse victim. "In article 10 trials, hearsay basis evidence is admissible if it satisfies two criteria. First, the proponent must demonstrate through evidence that the hearsay is reliable. Second, the court must determine that the probative value in helping the jury evaluate the expert's opinion substantially outweighs its prejudicial effect" (Matter of State of New York v Floyd Y., 22 NY3d 95, 109 [alterations and internal quotation marks omitted]; see Matter of State of New York v John S., 23 NY3d 326, 343). Here, the State established the reliability of this hearsay basis testimony since the respondent was convicted of sexual abuse in the first degree with respect to this victim (see Matter of State of New York v Floyd Y., 22 NY3d at 109; Matter of State of New York v Francisco R., 191 AD3d 989, 991). Moreover, the probative value of this hearsay basis testimony in helping the jury evaluate the expert's opinion testimony substantially outweighed its prejudicial effect (see Matter of State of New York v Francisco R., 191 AD3d at 991-992).
The Supreme Court also erred in precluding a certain witness from testifying at trial regarding violence and sexual offenses that the respondent allegedly committed against her. The witness's proposed testimony, which was not hearsay (see generally People v Caviness, 38 NY2d 227, 230), was relevant to the issue of whether the respondent suffered from a mental abnormality (see Matter of State of New York v Benjamin M., 199 AD3d 690, 693), and the probative value of such testimony outweighed its prejudicial impact, particularly since the State's expert expressly considered this proposed testimony in forming her opinion that the respondent suffered from sexual sadism (see Matter of State of New York v Steven L., 66 AD3d 788, 789).
Since the improperly precluded opinion testimony of the State's expert "may have had a substantial influence upon the result of the trial" had it been admitted (Platovsky v City of New York, 275 AD2d 699, 700), a new trial on the issue of whether the respondent suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i) is warranted.
CHAMBERS, J.P., CHRISTOPHER, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court