Eborn v Long Is. Care Ctr., Inc. (2025 NY Slip Op 05220)

Eborn v Long Is. Care Ctr., Inc.

2025 NY Slip Op 05220

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2020-06579
 (Index No. 706140/17)

[*1]Takeisha Eborn, etc., appellant, 
v
Long Island Care Center, Inc., defendant, Vincent Yuancong Wang, etc., respondent.

Sullivan & Brill, LLP, New York, NY (James Healy of counsel), for appellant.
Kutner Friedrich, LLP (Mauro Lilling Naparty, LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered July 23, 2020. The judgment, upon a jury verdict, is in favor of the defendant Vincent Yuancong Wang and against the plaintiff, in effect, dismissing the complaint insofar as asserted against the defendant Vincent Yuancong Wang.
ORDERED that the judgment is reversed, on the law, with costs, the complaint is reinstated insofar as asserted against the defendant Vincent Yuancong Wang, and the matter is remitted to the Supreme Court, Queens County, for a new trial with respect to that defendant.
In March 2015, the decedent, James Eborn, experienced back pain and chest pain after lifting a heavy object at work and, after being admitted to New York Hospital Queens (hereinafter NYHQ), was transferred to the defendant Long Island Care Center, Inc. (hereinafter LICC), a rehabilitation center, for short-term physical rehabilitation under the care of the defendant Vincent Yuancong Wang. During his admission to LICC, the decedent's condition deteriorated. On April 28, 2015, Wang ordered the decedent transferred to NYHQ. On May 8, 2015, the decedent died while at NYHQ of sepsis and pneumonia.
On May 6, 2017, the plaintiff, as the administrator of the decedent's estate, commenced this action against Wang and LICC, inter alia, to recover damages for medical malpractice and wrongful death, alleging that the decedent's death was a result of the defendants' negligent medical care and treatment at LICC. After a jury trial, the Supreme Court submitted, among other things, two interrogatories to the jury regarding whether Wang "depart[ed] from the accepted standards of medical practice in his evaluation of the decedent . . . on April 26, 2015" and whether Wang "depart[ed] from accepted standards of medical practice by not examining [the decedent] on April 27, 2015." The jury rendered a verdict in favor of Wang, and a judgment was issued in favor of Wang and against the plaintiff, in effect, dismissing the complaint insofar as asserted against Wang. The plaintiff appeals.
The plaintiff contends that the Supreme Court erred in refusing to submit additional proposed interrogatories to the jury regarding certain alleged departures from the standard of care. [*2]"'The trial court has broad discretion in deciding whether to submit interrogatories to the jury'" (Abato v Beller, 122 AD3d 554, 555, quoting Lunn v County of Nassau, 115 AD2d 457, 458; see CPLR 4111[c]). Interrogatories must be based on claims supported by the evidence, and a trial court may properly refuse to submit interrogatories requested by the plaintiff where the proposed theory of liability lacks supporting proof (see Davis v Caldwell, 54 NY2d 176, 180; Aronov v Kanarek, 166 AD3d 574, 575). However, "where there is sufficient evidence to support a plaintiff's cause of action pursuant to a particular theory of negligence, it is error to deny a request by the plaintiff to submit an interrogatory to the jury regarding that theory" (Abato v Beller, 122 AD3d at 555; see Paterno v Strimling, 107 AD3d 1233, 1234). Where a court improperly limits a verdict sheet, a new trial is warranted (see Abato v Beller, 122 AD3d at 555; Shinder v Altorki, 309 AD2d 799, 799). Here, there was sufficient evidence, including Wang's own testimony, to support the plaintiff's separate theories that Wang departed from accepted standards of medical care and proximately caused the decedent's injuries and death by failing to follow up on a chest X-ray he ordered on April 26, 2015, by failing to order empirical antibiotics on April 27, 2015, and by failing to transfer the decedent to a hospital on April 27, 2015. Contrary to Wang's contention, the evidence was sufficient to allow the jury to infer that each of those departures "diminished the [decedent's] chance of a better outcome" (Starre v Dean, 229 AD3d 728, 732 [internal quotation marks omitted]; see Flaherty v Fromberg, 46 AD3d 743, 745). Thus, a new trial must be conducted with respect to Wang (see Abato v Beller, 122 AD3d at 555).
The plaintiff's remaining contentions need not be addressed in light of the foregoing.
IANNACCI, J.P., BRATHWAITE NELSON, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court