*210
 
 OPINION OF THE COURT
 

 Ciparick, J.
 

 The first prerequisite for invocation of the doctrine of res ipsa loquitur, and the inference of negligence it permits, is that the injury-causing event be of a kind that ordinarily does not occur in the absence of negligence. In
 
 Kambat v St. Francis Hosp.,
 
 we held that res ipsa loquitur was available in “a narrow category of factually simple medical malpractice cases requiring] no expert to enable the jury reasonably to conclude that the accident would not happen without negligence” (89 NY2d 489, 496 [1997]), but left for another day the question of “whether expert testimony can be used to educate the jury as to the likelihood that the occurrence would take place without negligence where a basis of common knowledge is lacking”
 
 (id.
 
 at 495). Squarely presented with this question today, we conclude that it is proper to allow the use of expert medical testimony to inform the jury’s decision on this element of res ipsa loquitur.
 

 On July 25, 1995, plaintiff Kathleen States underwent surgery at Our Lady of Lourdes Hospital in Binghamton for removal of an ovarian cyst. The cyst was successfully removed. The surgeon, as well as the hospital, are no longer defendants in this action. However, plaintiff alleges that, during the operation, her anesthesiologist and his practice group (collectively “defendant”) injured her right arm.
 

 Prior to surgery, plaintiff’s right arm was placed on a board, extended outward from her body and rotated. An IV tube was then inserted into her right hand in order to administer anesthesia. Plaintiff complained of pain and a burning sensa
 
 *211
 
 tion when the tube was inserted, but surgery proceeded and there is no record of any untoward event involving plaintiff’s arm. Nonetheless, when plaintiff awoke, she complained of increasing pain in her right arm and shoulder. Plaintiff has since been diagnosed with right thoracic outlet syndrome and reflex sympathetic dystrophy. The cause of the injury is in dispute; however, plaintiff alleges negligence in the positioning of her arm during surgery. Specifically, plaintiff believes her arm was negligently hyperabducted beyond a 90-degree angle for an extended period of time.
 

 At the close of discovery, defendant moved for summary judgment on the ground that there was no direct evidence that plaintiff’s arm was hyperabducted during surgery and no evidence of any other negligence. Conceding the absence of direct evidence of negligence, plaintiff opposed the motion, submitting expert medical opinion that her injuries would not have occurred in the absence of negligence. Plaintiff claimed this testimony could be used by a jury in support of a res ipsa loquitur theory.
 

 Supreme Court denied defendant’s motion for summary judgment, citing
 
 Kambat
 
 in support of its conclusion that a jury could rely on the expert medical opinion to support the conclusion that the injury would not have occurred in the absence of negligence (188 Mise 2d 420, 425 [2001]). A divided Appellate Division reversed, the majority holding that the inference was not permitted since plaintiff’s injury was not the sort as to which a jury could draw upon its common knowledge and experience to conclude that it would not have occurred in the absence of negligence (297 AD2d 450 [2002]). Plaintiff appeals as of right from the Appellate Division order based on a two-Justice dissent, and we now reverse.
 

 Under appropriate circumstances, the evidentiary doctrine of res ipsa loquitur may be invoked to allow the factfinder to infer negligence from the mere happening of an event
 
 (see
 
 Restatement [Second] of Torts § 328D). Res ipsa loquitur, a doctrine of ancient origin
 
 (see Byrne v Boadle,
 
 2 H & C 722, 159 Eng Rep 299 [1863]), derives from the understanding that some events ordinarily do not occur in the absence of negligence
 
 (id.; see also Dermatossian v New York City Tr. Auth.,
 
 67 NY2d 219, 226 [1986]). In addition to this first prerequisite, plaintiff must establish, second, that the injury was caused by an agent or instrumentality within the exclusive control of defendant and, third, that no act or negligence on the plaintiff’s part contributed to the happening of the event
 
 (see Ebanks v New
 
 
 *212
 

 York City Tr. Auth.,
 
 70 NY2d 621, 623 [1987]). Once plaintiff satisfies the burden of proof on these three elements, the res ipsa loquitur doctrine permits the jury to infer negligence from the mere fact of the occurrence.
 

 This appeal concerns the first of the three required elements. Defendant contends that res ipsa loquitur cannot apply here because, in order to establish the first prerequisite — that the occurrence would not take place in the absence of negligence— plaintiff must rely on expert medical opinion, and the doctrinal foundation of res ipsa loquitur can only lie in everyday experience. Therefore, when expert testimony is necessary to provide the basis for concluding that the event would not occur in the absence of negligence, the matter is outside the ken of a layperson and res ipsa loquitur is inapplicable.
 

 In the circumstances presented, we conclude that expert testimony may be properly used to help the jury “bridge the gap” between its own common knowledge, which does not encompass the specialized knowledge and experience necessary to reach a conclusion that the occurrence would not normally take place in the absence of negligence, and the common knowledge of physicians, which does
 
 (see Connors v University Assoc. in Obstetrics & Gynecology, Inc.,
 
 4 F3d 123, 128 [2d Cir 1993]). Our conclusion not only is supported by a majority of courts that have considered the question,
 
 *
 
 but also is the approach adopted by the Restatement of Torts:
 

 “In the usual case the basis of past experience from which this conclusion may be drawn is common to the community, and is a matter of general knowledge, which the court recognizes on much the same
 
 *213
 
 basis as when it takes judicial notice of facts which everyone knows. It may, however, be supplied by the evidence of the parties; and expert testimony that such an event usually does not occur without negligence may afford a sufficient basis for the inference. Such testimony may be essential to the plaintiffs case where, as for example in some actions for medical malpractice, there is no fund of common knowledge which may permit laymen reasonably to draw the conclusion” (Restatement [Second] of Torts § 328D, Comment
 
 d; see also
 
 Prosser and Keeton, Torts § 39, at 247 [5th ed]).
 

 In an increasingly sophisticated and specialized society such as ours, it is not at all surprising that matters entirely foreign to the general population are commonplace within a particular profession or specially trained segment of society. The fact that the knowledge is specialized, however, does not alter its pervasive nature among those with the proper training and experience
 
 (see Connors,
 
 4 F3d at 128). As the New Jersey Supreme Court stated in
 
 Buckelew,
 
 “[e]xpert testimony to the effect that those in a specialized field of knowledge or experience consider a certain occurrence as indicative of the probable existence of negligence is at least as probative of the existence of such a probability as the ‘common knowledge’ of lay persons” (87 NJ at 527, 435 A2d at 1158).
 

 Notwithstanding the availability of expert testimony to aid a jury in determining whether an event would normally occur in the absence of negligence, expert opinion of course does not negate the jury’s ultimate responsibility as finder of fact to draw that necessary conclusion. The purpose of expert opinion in this context is to educate the jury, enlarging its understanding of the fact issues it must decide. However, the jury remains free to determine whether its newly-enlarged understanding supports the conclusion it is asked to accept
 
 (see Connors, 4
 
 F3d at 128-129). In addition, plaintiff must still establish the other requirements of res ipsa loquitur — exclusive control and absence of contributory negligence — before the inference will be permitted.
 

 As advantageous as the res ipsa loquitur inference is for a plaintiff unable to adduce direct evidence of negligence, application of the doctrine does not relieve a plaintiff of the burden of proof. It is an evidentiary doctrine that merely permits the jury to infer negligence based on a well-founded understanding that the injury-causing event would not
 
 *214
 
 normally occur unless someone was negligent and may be rebutted with evidence from defendant that tends to cast doubt on plaintiffs proof (see
 
 Dermatossian,
 
 67 NY2d at 226).
 

 Applying the foregoing principles to the facts of this case, we conclude that defendant’s motion for summary judgment was properly denied by Supreme Court. The jury should be allowed to hear from plaintiffs experts in order to determine whether this injury would normally occur in the absence of negligence. Likewise, defendant must be given an opportunity to rebut the assertion with competent expert evidence to show, for example, that the injury complained of is an inherent risk of the procedure and not totally preventable with the exercise of reasonable care.
 

 Plaintiff alternatively argues that circumstantial evidence of defendant’s negligence was sufficient to defeat summary judgment even without application of res ipsa loquitur. In light of the foregoing, we need not reach this argument.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the motion of defendants Riverside Associates in Anesthesia, P.C. and Kenneth Mintz, M.D. for summary judgment denied.
 

 Chief Judge Kaye and Judges Smith, Wesley, Rosenblatt, Graffeo and Read concur.
 

 Order reversed, etc.
 

 *
 

 Currently, a majority of states to have considered the question allow expert testimony to supplement a jury’s understanding of whether an injury would normally occur in the absence of negligence
 
 (see e.g. Kerr v Bock,
 
 5 Cal 3d 321, 324, 486 P2d 684, 686 [1971];
 
 Walker v Rumer,
 
 72 111 2d 495, 500, 381 NE2d 689, 691 [1978];
 
 Jones v Porretta,
 
 428 Mich 132, 154, 405 NW2d 863, 874 [1987];
 
 Buckelew v Grossbard,
 
 87 NJ 512, 525-528, 435 A2d 1150, 1157-1158 [1981];
 
 Míreles v Broderick,
 
 117 NM 445, 447-449, 872 P2d 863, 865-867 [1994];
 
 Morgan v Children’s Hosp.,
 
 18 Ohio St 3d 185, 189, 480 NE2d 464, 467 [1985];
 
 Jones v Harrisburg Polyclinic Hosp.,
 
 496 Pa 465, 472-473, 437 A2d 1134, 1138 [1981];
 
 Hoven v Kelble,
 
 79 Wis 2d 444, 452, 256 NW2d 379, 383 [1977]). A minority allow the inference only when the matter lies within the ken of a layperson
 
 (see e.g., LePelley v Grefenson,
 
 101 Idaho 422, 426, 614 P2d 962, 966 [1980];
 
 Orkin v Holy Cross Hosp. of Silver Spring, Inc.,
 
 318 Md 429, 433, 569 A2d 207, 209 [1990];
 
 Todd v Eitel Hosp.,
 
 306 Minn 254, 260-261, 237 NW2d 357, 361-362 [1975];
 
 Haddock v Arnspiger,
 
 793 SW2d 948, 951 [Tex 1990]).