■ Andrea Bernard, Appellant, v Ira S. Bernstein, D.P.M., Respondent, et al., Defendant. [3 NYS3d 426]—

In an action to recover damages for podiatric malpractice, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Rockland County (Garvey, J.), dated November 14, 2012, as denied that branch of her motion which was pursuant to CPLR 4404 (a) to set aside so much of a jury verdict as was in favor of the defendant Ira S. Bernstein and against her and for judgment as a matter of law against that defendant, or in the alternative, for a new trial against that defendant, and (2) a judgment of the same court dated December 28, 2012, as, upon the jury verdict, and upon the order dated November 14, 2012, is in favor of the defendant Ira S. Bernstein and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as was in favor of the defendant Ira S. Bernstein and against her and for a new trial against that defendant is granted, the complaint is reinstated insofar as asserted against that defendant, the order is modified accordingly, and the matter is remitted to the Supreme Court, Rockland County, for a new trial as to that defendant; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff developed a deep tissue Methicillin-resistant Staphylococcus aureus (hereinafter MRSA) infection in her foot after the defendant podiatrist, Ira S. Bernstein, administered a cortisone injection into the bottom of her foot to treat her for plantar fasciitis. After a trial, the jury rendered a verdict, inter alia, in Bernstein's favor, and the Supreme Court denied that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside that portion of the verdict and for judg-

ment as a matter of law against Bernstein or, in the alternative, for a new trial.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying her request to admit evidence that another patient of Bernstein also developed a MRSA infection after he received a cortisone injection from Bernstein. The potential prejudicial impact of that evidence outweighed its probative value (*see Coopersmith v Gold*, 89 NY2d 957, 959 [1997]; *Matter of Brandon*, 55 NY2d 206, 210-211 [1982]).

However we agree with the plaintiff that it was reversible error to deny her request for a res ipsa loquitur charge. Under appropriate circumstances, the evidentiary doctrine of res ipsa loquitur may be invoked to allow the factfinder to infer negligence from the mere happening of an event (*see* Restatement [Second] of Torts § 328D). "Res ipsa loquitur, a doctrine of ancient origin (*see Byrne v Boadle*, 2 H & C 722, 159 Eng Rep 299 [1863]), derives from the understanding that some events ordinarily do not occur in the absence of negligence" (*States v Lourdes Hosp.*, 100 NY2d 208, 211 [2003]; *see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]). "In addition to this first prerequisite, plaintiff must establish, second, that the injury was caused by an agent or instrumentality within the exclusive control of defendant and, third, that no act or negligence on the plaintiff's part contributed to the happening of the event (*see Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623 [1987]). Once plaintiff satisfies the burden of proof on these three elements, the res ipsa loquitur doctrine permits the jury to infer negligence from the mere fact of the occurrence" (*States v Lourdes Hosp.*, 100 NY2d at 211-212). Moreover, "expert testimony may be properly used to help the jury 'bridge the gap' between its own common knowledge, which does not encompass the specialized knowledge and experience necessary to reach a conclusion that the occurrence would not normally take place in the absence of negligence, and the common knowledge of physicians, which does (*see Connors v University Assoc. in Obstetrics & Gynecology, Inc.*, 4 F3d 123, 128 [2d Cir 1993])" (*id.* at 212).

Here, the plaintiff presented expert testimony that a MRSA infection from an injection does not occur if the podiatrist adheres to the accepted standard of care. While Bernstein presented expert testimony that an infection is a rare, but possible, complication of an injection which can occur in the absence of negligence, a plaintiff need not conclusively eliminate the possibility of all other causes of the injury to rely on

res ipsa loquitur (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *Antoniato v Long Is. Jewish Med. Ctr.*, 58 AD3d 652, 655 [2009]). Moreover, the plaintiff presented sufficient evidence to establish, prima facie, that the instrumentalities used for the injection were all under the exclusive control of Bernstein at the time of the injection, and that the injury was not the result of any action taken by the plaintiff (*see States v Lourdes Hosp.*, 100 NY2d at 211-213).

There is no merit to the plaintiff's contention that the Supreme Court should have granted that branch of her motion which was pursuant to CPLR 4404 (a) to set aside the jury's verdict as to Bernstein and for judgment as a matter of law against him. There was a rational process, upon the evidence presented, by which the jury could have reached the conclusion that Bernstein did not depart from accepted standards of podiatric practice, either in the administration of the injection, or his subsequent failure to diagnose the infection (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]).

In light of our determination, we need not reach the plaintiff's contention that the verdict was against the weight of the evidence. Rivera, J.P., Austin, Roman and Barros, JJ., concur.