Gentile v Malihan (2020 NY Slip Op 00405)





Gentile v Malihan


2020 NY Slip Op 00405


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-12706
 (Index No. 101700/11)

[*1]Jodie Gentile, et al., respondents, 
v
Amie A. Malihan, etc., et al., appellants, et al., defendant.


DeCorato Cohen Sheehan & Federico, LLP, New York, NY (Anthony Lugara and Amanda L. Tate of counsel), for appellant Amie A. Malihan.
Amabile & Erman, P.C., Staten Island, NY (Alexandra K. Formica of counsel), for appellant Gary Spierer.
Dwight D. Joyce, Stony Point, NY (Stephen J. Cole-Hatchard of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Amie A. Malihan and Gary Spierer separately appeal from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated September 9, 2016. The order denied the motion of the defendant Amie A. Malihan and the separate motion of the defendant Gary Spierer for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
On April 23, 2010, the plaintiff Jodie Gentile (hereinafter the plaintiff) underwent a surgery performed by the defendant Amie A. Malihan, a plastic surgeon, to correct a "bulge" in her abdominal area and to excise two scars resulting from prior cesarean section incisions. On this date, the plaintiff also underwent a bilateral tubal ligation surgery, which was performed by the defendant Gary Spierer, an obstetrician/gynecologist. Following these surgeries, the plaintiff developed a hematoma, required multiple blood suctions/aspirations, and underwent a second operative procedure on May 9, 2010.
In 2011, the plaintiff, and her husband suing derivatively, commenced this action against, among others, Spierer and Malihan, inter alia, to recover damages for medical malpractice. After the completion of discovery, Spierer and Malihan separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied both motions. Spierer and Malihan separately appeal.
" The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury'" (Hayden v Gordon, 91 AD3d 819, 820, quoting DiMitri v Monsouri, 302 AD2d 420, 421). "A defendant moving for summary judgment in a medical malpractice case must demonstrate the absence of any material issues of fact, with respect to at least one of these elements" (DiLorenzo v Zaso, 148 AD3d 1111, 1112 [citation and internal quotation marks omitted]; see Wexelbaum v Jean, 80 AD3d 756, 757). In opposition, a plaintiff "must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" [*2](Stukas v Streiter, 83 AD3d 18, 24 [internal quotation marks omitted]).
Here, Spierer failed to demonstrate his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him because he failed to tender sufficient evidence to eliminate all triable issues of fact (see Mathias v Capuano, 153 AD3d 698, 699). The recording of Spierer's surgery report was mostly inaudible, and he testified at his deposition that he did not "remember specifically" the subject surgery. Although Spierer further testified at his deposition that following surgery, he would "see the patient routinely . . . for an examination of her incisions," he did not do so in this case. Moreover, without a complete surgery report, Spierer's medical expert nevertheless opined that Spierer "properly performed a tubal ligation." Such "bare conclusory assertions" were insufficient to demonstrate the absence of any triable issues of fact (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Since Spierer failed to demonstrate his prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's determination denying his motion for summary judgment dismissing the complaint insofar as asserted against him, without regard to the sufficiency of the plaintiffs' opposition papers (see id. at 853).
With regard to Malihan, Malihan established her prima facie entitlement to judgment as a matter of law by submitting the affirmation of a medical expert, who opined that Malihan's treatment of the plaintiff did not depart from the accepted standard of care. However, in opposition, the plaintiffs' expert raised a triable issue of fact, inter alia, as to whether Malihan departed from good and acceptable medical practice during the postoperative care and procedures rendered to the plaintiff by Malihan. "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519), since conflicting expert opinions raise credibility issues that are to be resolved by the factfinder (see Guctas v Pessolano, 132 AD3d 632, 633). Accordingly, we agree with the Supreme Court's determination denying Malihan's motion for summary judgment dismissing the complaint insofar as asserted against her.
SCHEINKMAN, P.J., RIVERA, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court