E.K. v Tovar (2020 NY Slip Op 03904)





E.K. v Tovar


2020 NY Slip Op 03904


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-09666
 (Index No. 16828/11)

[*1]E.K., etc., et al., appellants, 
v
Winfred Tovar, et al., defendants, Joseph De Christofaro, etc., et al., respondents.


Kramer, Dillof, Livingston & Moore, New York, NY (Matthew Gaier of counsel), for appellants.
Rubin Sheeley Paterniti Gonzalez Kaufman LLP, New York, NY (Courtney A. Bihn of counsel), for respondent Joseph De Christofaro.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and Scott A. Eisman of counsel), for respondent Swati Aleti-Jacobs.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated August 9, 2017. The order, insofar as appealed from, granted the motion of the defendant Joseph De Christofaro for summary judgment dismissing the complaint insofar as asserted against him, and that branch of the separate motion of the defendants Lan Na Lee, Shelly-Ann James, Leia Card, Randi Turkewitz, Chanda Reese, Noreen Dennehy, Brenda Shyngle, Eunice Hagen, and Swati Aleti-Jacobs which was for summary judgment dismissing the complaint insofar as asserted against the defendant Swati Aleti-Jacobs.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion of the defendant Joseph De Christofaro for summary judgment dismissing the complaint insofar as asserted against him, and that branch of the separate motion of the defendants Lan Na Lee, Shelly-Ann James, Leia Card, Randi Turkewitz, Chanda Reese, Noreen Dennehy, Brenda Shyngle, Eunice Hagen, and Swati Aleti-Jacobs which was for summary judgment dismissing the complaint insofar as asserted against the defendant Swati Aleti-Jacobs, are denied.
The plaintiff Kimberly Silverio was pregnant with the infant plaintiff, E. K., in early 2009, and developed gestational diabetes. On July 27, 2009, at 39 weeks' gestation, Silverio was induced at Stony Brook University Hospital and gave birth to E. K. E. K. was delivered vaginally with the assistance of forceps at 8:17 a.m. At the time of his birth, the umbilical cord was wrapped around his body. E. K. was observed to be floppy and limp, and was not making any respiratory effort. Positive pressure ventilation (hereinafter PPV) was initiated, and he subsequently was intubated.
Based on the circumstances surrounding E. K.'s delivery, the plaintiffs commenced this action, inter alia, to recover damages for medical malpractice. The plaintiffs alleged, among [*2]other things, that the defendants delayed the resuscitation of E. K. after his birth, failed to properly intubate E. K., and allowed inexperienced personnel to attempt intubation. The plaintiffs further alleged that these departures caused E. K. to sustain, inter alia, brain damage and motor, cognitive, and developmental delays. Following discovery, the defendant Joseph De Christofaro moved for summary judgment dismissing the complaint insofar as asserted against him, and the defendants Lan Na Lee, Shelly-Ann James, Leia Card, Randi Turkewitz, Chanda Reese, Noreen Dennehy, Brenda Shyngle, Eunice Hagen, and Swati Aleti-Jacobs (hereinafter collectively the SBUH defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs only opposed the motion made by De Christofaro and that branch of the motion by the SBUH defendants which sought summary judgment dismissing the complaint insofar as asserted against Aleti-Jacobs. In an order dated August 9, 2017, the Supreme Court, inter alia, granted De Christofaro's motion and that branch of the SBUH defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Aleti-Jacobs. The plaintiffs appeal.
"[T]he requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of medical practice, and evidence that such deviation or departure was a proximate cause of injury or damage" (Raucci v Shinbrot, 127 AD3d 839, 841). "[A] defendant physician seeking summary judgment must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Stukas v Streiter, 83 AD3d 18, 24). "In order to sustain [its prima facie] burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Mathias v Capuano, 153 AD3d 698, 699; see Allen v Blum, 212 AD2d 562, 562).
De Christofaro failed to demonstrate his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him. The expert affirmations submitted in support of De Christofaro's motion failed to address, inter alia, the plaintiffs' allegation in their supplemental bill of particulars that De Christofaro departed from the standard of care with regard to the resuscitation and intubation that took place in the minutes following E. K.'s birth. In particular, De Christofaro failed to eliminate triable issues of fact regarding his level of participation in the resuscitation and intubation of E. K. (see Meade v Yland, 140 AD3d 931, 933; cf. Donnelly v Parikh, 150 AD3d 820, 822-823). While De Christofaro testified at his deposition that there was nothing in E. K.'s medical records indicating that he was present in the delivery room during the intubation of E. K., the record does not conclusively establish his absence (see Cerny v Williams, 32 AD3d 881, 884). Critically, De Christofaro testified that he could not place an exact time at which he first became involved in E. K.'s care, that he "most certainly could have been there and helped in the resuscitation," and that he could not recall the circumstances regarding E. K.'s intubation or who performed the intubation. Accordingly, De Christofaro's motion should have been denied without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Turning to that branch of the SBUH defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Aleti-Jacobs, the SBUH defendants submitted an expert affirmation which demonstrated that Aleti-Jacobs did not deviate or depart from accepted neonatal practice or proximately cause E. K.'s injuries (see Quille v New York City Health & Hosp. Corp., 152 AD3d 808, 809). However, in opposition, the plaintiffs raised a triable issue of fact through the affirmation of their expert, who opined, inter alia, that Aleti-Jacobs breached the standard of care by administering PPV to E. K. upon his birth rather than immediately intubating him. The plaintiffs' expert opined that a baby, such as E. K., who was born with an Apgar score of one should have been intubated "within the first 15 to 20 second[s] of life." According to one hospital record, E. K. was not successfully intubated until four minutes after his birth. Additionally, the plaintiffs' expert's opinion was sufficient to raise a triable issue of fact as to whether the alleged failure to timely intubate E. K. was a proximate cause of his injuries. Accordingly, the Supreme Court should have denied that branch of the SBUH defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Aleti-Jacobs.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court