Smith v Sommer (2020 NY Slip Op 07235)





Smith v Sommer


2020 NY Slip Op 07235


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-02617
 (Index No. 156/15)

[*1]Earl Smith, et al., respondents, 
v
Eric Adam Sommer, etc., et al., appellants, et al., defendants.


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Nicholas Tam of counsel), for appellants.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP, White Plains, NY (Denise M. Cossu of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendants appeal from a judgment of the Supreme Court, Putnam County (Robert M. DiBella, J.), entered January 24, 2018. The judgment, upon a jury verdict, is in favor of the plaintiffs and against the defendants in the principal sum of $500,000.
ORDERED that the judgment is affirmed, with costs.
On December 26, 2013, the plaintiff Earl Smith (hereinafter the plaintiff) underwent a Nissen fundoplication with paraesophageal hernia repair by the defendant Eric Adam Sommer to repair a hiatal hernia and treat the plaintiff's gastroesophageal reflux disease. On March 12, 2014, after complaining of abdominal pain and difficulty eating, the plaintiff was diagnosed with gastroparesis, a form of stomach paralysis that impedes the ability to digest food. The plaintiff, and his wife suing derivatively, commenced the instant action against, among others, Sommer and his practice, New York Bariatric Group (hereinafter together the defendants), asserting, inter alia, a cause of action to recover damages for medical malpractice.
Following discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. By order dated October 26, 2017, the Supreme Court denied the defendants' motion. Thereafter, the case proceeded to a trial, after which the jury returned a verdict finding that Sommer departed from good and accepted medical practice by not following the appropriate steps during the plaintiff's December 26, 2013 surgery, and that the departure was a substantial factor in causing the plaintiff's gastroparesis. On January 24, 2018, a judgment was entered in favor of the plaintiffs and against the defendants in the principal sum of $500,000. The defendants appeal.
The elements of a medical malpractice cause of action are "that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23). A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324) with respect to at least one of those [*2]elements (see DiLorenzo v Zaso, 148 AD3d 1111, 1112; Cham v St. Mary's Hosp. of Brooklyn, 72 AD3d 1003, 1004). Where a defendant physician makes a prima facie showing as to both elements, "the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element" (Stukas v Streiter, 83 AD3d at 25 [emphasis added]). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions," as "[s]uch credibility issues can only be resolved by a jury" (Feinberg v Feit, 23 AD3d 517, 519).
Here, the defendants established their entitlement to judgment as a matter of law by submitting the affirmation of their expert, who opined that Sommer did not deviate from the standard of care in his performance of the fundoplication procedure, that gastroparesis is often idiopathic, and that Sommer's alleged negligence did not cause the plaintiff to develop gastroparesis (see Joyner v Middletown Med., P.C., 183 AD3d 593; Castillo v Surasi, 181 AD3d 786, 788). In opposition, however, the plaintiffs raised a triable issue of fact by submitting the affirmations of their experts, who opined that Sommer failed to timely identify and protect the vagus nerves during the procedure and that such failure caused the plaintiff's gastroparesis by injuring the vagus nerves (see Castillo v Surasi, 181 AD3d at 788; Barnett v Fashakin, 85 AD3d 832, 835). Accordingly, we agree with the Supreme Court's determination denying the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
The defendants' contention that the Supreme Court improperly admitted into evidence at trial a certain manual, on the ground that it constituted hearsay because the plaintiffs relied on it to establish the standard of care, is unpreserved for appellate review. While the defendants raised a general objection to the admission of the material, when that objection was overruled, the defendants were required to make a specific objection on the ground now urged, and by failing to do so, they waived the objection (see People v Vidal, 26 NY2d 249, 254; Cooper v Nestoros, 159 AD3d 1365, 1367; Wolf v Persaud, 130 AD3d 1523, 1525). In any event, we agree with the plaintiffs that the manual was not used to establish the standard of care, but rather, was properly admitted during the plaintiffs' direct examination of Sommer to question him on the fact that his operative report from the plaintiff's procedure was inconsistent with the manual, which he considered authoritative (see Fridovich v Meinhardt, 247 AD2d 791, 792; cf. Spensieri v Lasky, 94 NY2d 231).
We agree with the Supreme Court's determination to charge the jury with respect to res ipsa loquitur. "Under appropriate circumstances, the evidentiary doctrine of res ipsa loquitur may be invoked to allow the factfinder to infer negligence from the mere happening of an event" (Bernard v Bernstein, 126 AD3d 833, 835, citing Restatement [Second] of Torts § 328D). "'Where the actual or specific cause of an accident is unknown, under the doctrine of res ipsa loquitur a jury may in certain circumstances infer negligence merely from the happening of an event and the defendant's relation to it'" (Frank v Smith, 127 AD3d 1301, 1302, quoting Kambat v St. Francis Hosp., 89 NY2d 489, 494). Res ipsa loquitur "'derives from the understanding that some events ordinarily do not occur in the absence of negligence'" (Bernard v Bernstein, 126 AD3d at 835, quoting States v Lourdes Hosp., 100 NY2d 208, 211). "'In addition to this first prerequisite, plaintiff must establish, second, that the injury was caused by an agent or instrumentality within the exclusive control of defendant and, third, that no act or negligence on the plaintiff's part contributed to the happening of the event. Once plaintiff satisfies the burden of proof on these three elements, the res ipsa loquitur doctrine permits the jury to infer negligence from the mere fact of the occurrence'" (Bernard v Bernstein, 126 AD3d at 835 [citation omitted], quoting States v Lourdes Hosp., 100 NY2d at 211-212). "Moreover, expert testimony may be properly used to help the jury 'bridge the gap' between its own common knowledge, which does not encompass the specialized knowledge and experience necessary to reach a conclusion that the occurrence would not normally take place in the absence of negligence, and the common knowledge of physicians, which does" (Bernard v Bernstein, 126 AD3d at 835 [internal quotation marks omitted]).
Here, the plaintiffs presented expert testimony that, in a first time fundoplication procedure like the plaintiff's, injury to the vagus nerves should not occur if the surgeon adheres to the accepted standard of care and follows the proper surgical sequence. While the defendants [*3]presented evidence that gastroparesis can be idiopathic, "a plaintiff need not conclusively eliminate the possibility of all other causes of the injury to rely on res ipsa loquitur" (Bernard v Bernstein, 126 AD3d at 835-836; see Antoniato v Long Island Jewish Med. Ctr., 58 AD3d 652, 655).
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court