Knapp v Soffer (2021 NY Slip Op 04347)





Knapp v Soffer


2021 NY Slip Op 04347


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-00005
2018-05190
 (Index No. 50805/14)

[*1]Thomas Knapp, appellant, et al., plaintiff,
v
Robert Soffer, etc., et al., respondents, et al., defendants.


Lynch Lynch Held Rosenberg, P.C., New City, NY (Neil Weiner of counsel), for appellant.
Vouté, Lohrfink, Magro & McAndrew, LLP, White Plains, NY (John R. Braunstein of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff Thomas Knapp appeals from (1) a judgment of the Supreme Court, Dutchess County (James V. Brands, J.), dated November 29, 2017, and (2) an order of the same court dated April 16, 2018. The judgment, upon a jury verdict, is in favor of the defendants Robert Soffer and Northeastern Anesthesia Services and against the plaintiffs dismissing the complaint insofar as asserted against those defendants. The order denied that plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.
ORDERED that the judgment is affirmed; and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents payable by the appellant.
On September 13, 2012, the plaintiff Thomas Knapp (hereinafter the plaintiff) underwent surgery to repair a tear of the extensor tendon of his left elbow. The anesthesia for the surgical procedure was administered by the defendant Robert Soffer, an anesthesiologist employed by the defendant Northeastern Anesthesia Services (hereinafter Northeastern Anesthesia). As part of the anesthesia, Soffer administered a supraclavicular nerve block. After the anesthesia wore off following the surgery, the plaintiff felt severe pain in his left hand, the fingers of his left hand were swollen, and his left hand was numb. The plaintiff also was unable to flex the pinky finger and ring finger on his left hand. The plaintiff was eventually diagnosed with a brachial plexus nerve injury.
The plaintiff, and his wife suing derivatively, subsequently commenced this action against, among others, Soffer and Northeastern Anesthesia (hereinafter together the defendants), to recover damages for medical malpractice. The matter proceeded to a jury trial. After the parties rested, the plaintiff requested that the Supreme Court charge the jury on res ipsa loquitur. The court denied the plaintiff's request.
The jury returned a verdict in favor of the defendants, finding that Soffer did not [*2]depart from accepted standards of medical practice in the care and treatment rendered to the plaintiff. A judgment was entered in favor of the defendants and against the plaintiffs dismissing the complaint insofar as asserted against the defendants. The plaintiff subsequently moved pursuant to CPLR 4404(a) to set aside the jury's verdict and for a new trial, arguing that the verdict was against the weight of the evidence, and that the Supreme Court erred in failing to charge the jury on res ipsa loquitur. In an order dated April 16, 2018, the court denied the motion. The plaintiff appeals from the judgment and from the order.
At the trial, conflicting expert testimony was elicited as to the possible cause of the plaintiff's condition, including that the nerve injury was a result of an injury the plaintiff suffered at work. The testimony did not give rise to an inference of negligence based upon the mere occurrence of the adverse event at issue (see Kambat v St. Francis Hosp., 89 NY2d 489, 494; Sangiovanni v Koloski, 31 AD3d 422, 423; Johnson v Farr, 268 AD2d 560; Abbott v New Rochelle Hosp. Med. Ctr., 141 AD2d 589, 590). Thus, the Supreme Court properly denied the plaintiff's request for an instruction with respect to res ipsa loquitur.
The plaintiff's contention that the verdict was contrary to the weight of the evidence also is without merit. "A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (Scarpulla v Williams, 147 AD3d 1101, 1102). In addition, where, as here, the parties present expert testimony in support of their positions, it is the province of the jury to determine the experts' credibility (see Monroy v Glavas, 57 AD3d 631, 632). Based on the evidence introduced at trial, the verdict in favor of the defendants should not be disturbed.
The plaintiff's remaining contention is without merit
LASALLE, P.J., HINDS-RADIX, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court