Berlich v Maimonides Med. Ctr. (2022 NY Slip Op 05148)

Berlich v Maimonides Med. Ctr.

2022 NY Slip Op 05148

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-04404
 (Index No. 13947/15)

[*1]Giuseppa Berlich, appellant, 
v
Maimonides Medical Center, et al., respondents.

Krentsel & Guzman, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Brody, O'Connor & O'Connor, New York, NY (Magdalene P. Skountzos of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Edgar G. Walker, J.), dated April 1, 2019. The judgment, upon, inter alia, a jury verdict on the issue of liability, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when a dust shield that had been installed over the entryway of the pediatric waiting area of the defendant Maimonides Medical Center (hereinafter Maimonides) fell and struck her in the head. The subject dust shield had been installed by the defendant Long & DeLosa Construction Group, Ltd. (hereinafter Long & DeLosa), as part of a renovation project being performed at Maimonides during the overnight hours. The action proceeded to a trial on the issue of liability. Following the close of evidence, the Supreme Court, inter alia, granted that branch of the defendants' renewed motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against Maimonides, and denied the plaintiff's request to charge the jury on the doctrine of res ipsa loquitur. The jury returned a verdict finding that Long & DeLosa was not negligent. A judgment was thereafter entered, upon the verdict, in favor of the defendants and against the plaintiff, in effect, dismissing the complaint. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court properly declined to charge the jury on the doctrine of res ipsa loquitur. "'Under appropriate circumstances, the evidentiary doctrine of res ipsa loquitur may be invoked to allow the factfinder to infer negligence from the mere happening of an event'" (Smith v Sommer, 189 AD3d 906, 908, quoting Bernard v Bernstein, 126 AD3d 833, 835; see Kambat v St. Francis Hosp., 89 NY2d 489, 494; Knapp v Soffer, 196 AD3d 551, 552). Res ipsa loquitur "'derives from the understanding that some events ordinarily do not occur in the absence of negligence'" (Bernard v Bernstein, 126 AD3d at 835, quoting State v Lourdes Hosp., 100 NY2d 208, 211). "'In addition to this first prerequisite, plaintiff must establish, second, that the injury was caused by an agent or instrumentality within the exclusive control of defendant [*2]and, third, that no act or negligence on the plaintiff's part contributed to the happening of the event. Once plaintiff satisfied the burden of proof on these three elements, the res ipsa loquitur doctrine permits the jury to infer negligence from the mere fact of the occurrence"' (Smith v Sommer, 189 AD3d at 909, quoting Bernard v Bernstein, 126 AD3d at 835 [internal quotation marks omitted]). Here, the plaintiff failed to establish that the subject dust shield was in the exclusive control of Long & DeLosa so as to support a res ipsa loquitur charge. To the contrary, the plaintiff's own expert testified at trial that it was a "reasonable possibility" that the public, including children waiting in the pediatric waiting area, would tamper with the subject dust shield.
"'A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence'" (Knapp v Soffer, 196 AD3d 551, 552, quoting Scarpulla v Williams, 147 AD3d 1101, 1102). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Feiner v Galpern, 187 AD3d 992, 993). "In addition, where, as here, the parties present expert testimony in support of their positions, it is the province of the jury to determine the experts' credibility" (Knapp v Soffer, 196 AD3d at 552). Based on the evidence introduced at trial, we are satisfied that the jury verdict in favor of Long & DeLosa was in accordance with the weight of the evidence and should not be disturbed.
The plaintiff's remaining contention need not be reached in light of our determination.
BARROS, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court