Garcia v 1000 Dean, LLC (2023 NY Slip Op 04753)

Garcia v 1000 Dean, LLC

2023 NY Slip Op 04753

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-07802
 (Index No. 507711/14)

[*1]Daniel Hernandez Garcia, appellant,
v
1000 Dean, LLC, respondent, et al., defendant.

Lawrence P. Biondi (Lisa M. Comeau, Garden City, NY, of counsel), for appellant.
Perry Van Etten Rozanski & Kutner, LLP (Carol R. Finocchio, Water Mill, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated September 22, 2020. The order, in effect, denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendant 1000 Dean, LLC, on so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-1.7(e)(1) and for judgment as a matter of law, or in the alternative, to set aside the jury verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial.
ORDERED that the order is affirmed, with costs.
The plaintiff, a carpenter, was allegedly injured while working on a construction project at premises owned by the defendant 1000 Dean, LLC (hereinafter the defendant), when the plaintiff's foot was caught in an uncovered hole on the first floor of the premises, while he was carrying two pieces of rebar. The plaintiff commenced an action to recover damages for personal injuries, alleging, inter alia, that the defendant violated Labor Law § 241(6) predicated upon a violation of 12 NYCRR 23-1.7(e)(1).
After a trial, the jury rendered a verdict in favor of the defendant and against the plaintiff. Thereafter, the plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendant on so much of the Labor Law § 241(6) cause of action as was predicated upon a violation of 12 NYCRR 23-1.7(e)(1) and for judgment as a matter of law, or in the alternative, to set aside the jury verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial. Following oral argument, the Supreme Court, in effect, denied the motion. The plaintiff appeals.
"[T]he discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution" (Pecoraro v Tribuzio, 212 AD3d 646, 647 [internal quotation marks omitted]; see Larkin v Wagner, 170 AD3d 1145, 1147). "A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any [*2]fair interpretation of the evidence" (Berlich v Maimonides Med. Ctr., 208 AD3d 1148, 1149 [internal quotation marks omitted]; see Lolik v Big V Supermarkets, 86 NY2d 744, 746). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Berlich v Maimonides Med. Ctr., 208 AD3d at 1149 [internal quotation marks omitted]; see Ditoro v Richmond Univ. Med. Ctr., 202 AD3d 912, 913). "It is for the jury to make determinations as to the credibility of the witnesses, and deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Rucigay v Wyckoff Hgts. Med. Ctr., 194 AD3d 865, 868 [internal quotation marks omitted]; see Ditoro v Richmond Univ. Med. Ctr., 202 AD3d at 913).
"A motion for judgment as a matter of law pursuant to CPLR 4404(a) may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (Schneider v Hanasab, 209 AD3d 684, 687 [internal quotation marks omitted]; see Szczerbiak v Pilat, 90 NY2d 553, 556).
Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors to "provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [internal quotation marks omitted]; see Murphy v 80 Pine, LLC, 208 AD3d 492, 496). "To succeed on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the accident" (Murphy v 80 Pine, LLC, 208 AD3d at 497 [internal quotation marks omitted]; see Doran v JP Walsh Realty Group, LLC, 189 AD3d 1363, 1364). Pursuant to 12 NYCRR 23-1.7(e)(1), "[a]ll passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping."
Here, the evidence at trial did not preponderate so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence. Rather, the evidence established that the defendant's general contractor had a common practice to cover the holes in the floor with plywood, and the general contractor's foreman testified that prior to the accident he walked through the area where the plaintiff allegedly tripped multiple times a day and could not recall an instance when the holes in the floor were uncovered. Moreover, the jury could have reasonably determined based on a fair interpretation of the evidence that the plaintiff's own negligence was the sole proximate cause of his injuries. Further, contrary to the plaintiff's contention, there is a valid line of reasoning and permissible inferences that could lead rational persons to the jury's conclusion that the defendant did not violate Labor Law § 241(6) by violating 12 NYCRR 23-1.7(e)(1).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly, in effect, denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendant on so much of the Labor Law § 241(6) cause of action as was predicated upon a violation of 12 NYCRR 23-1.7(e)(1) and for judgment as a matter of law, or in the alternative, to set aside the jury verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court