Tejada v St. Luke's-Roosevelt Hosp. (2024 NY Slip Op 00647)

Tejada v St. Luke's-Roosevelt Hosp.

2024 NY Slip Op 00647

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2020-00894
2020-00903
 (Index No. 53212/16)

[*1]Rosendo Tejada, appellant, et al., plaintiff,
v
St. Luke's-Roosevelt Hospital, et al., respondents.

Meagher & Meagher, P.C., White Plains, NY (Christopher B. Meagher of counsel), for appellant.
Heidel, Pittoni, Murphy & Bach, White Plains, NY (Daniel S. Ratner of counsel), for respondent St. Luke's-Roosevelt Hospital.
Vigorito Barker Patterson Nichols & Patterson LLP, Valhalla, NY (Leilani Rodriguez of counsel), for respondents Ksenija Belsley, M.D., PLLC, and Ksenija Belsley.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Deirdre E. Tracey of counsel), for respondent Scott John Belsley.

DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiff Rosendo Tejada appeals from (1) a judgment of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), entered December 27, 2019, and (2) a judgment of the same court, also entered December 27, 2019. The first judgment, upon a jury verdict on the issue of liability, is in favor of the defendant Scott John Belsley and against that plaintiff, in effect, dismissing the complaint insofar as asserted against that defendant by that plaintiff. The second judgment, upon the jury verdict on the issue of liability, is in favor of the defendants Ksenija Belsley and Ksenija Belsley, M.D., PLLC, and against that plaintiff, in effect, dismissing the complaint insofar as asserted against those defendants by that plaintiff.
ORDERED that the judgments are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries that the plaintiff Rosendo Tejeda, incorrectly named herein as Rosendo Tejada (hereinafter the injured plaintiff), allegedly sustained during a combined liposuction, abdominoplasty, and hernia repair surgery. At the end of the operation, a nonparty anesthesiologist, employed by the defendant St. Luke's-Roosevelt Hospital (hereinafter the hospital), performed a transversus abdominis plane block (hereinafter the TAP block), administering local anesthesia to a specific nerve in the muscle layers of the plaintiff's anterior abdominal wall.
According to the testimony elicited at a trial on the issue of liability, after waking up from anesthesia, the injured plaintiff felt pain in his right abdomen. Days later, the defendant Scott [*2]John Belsley (hereinafter the general surgeon) observed an apparent discontinuity on the injured plaintiff's colon wall on a CT scan. Later that evening, the injured plaintiff became nauseous, and his temperature spiked. The general surgeon then performed a diagnostic laparoscopy, and, after observing damaged tissue on the injured plaintiff's colon, performed an open surgery to resect the injured plaintiff's colon. The pathology report of the resected colon tissue identified several perforations.
The injured plaintiff's experts opined that the defendant Ksenija Belsley (hereinafter the plastic surgeon) departed from accepted standards of medical practice by perforating the injured plaintiff's colon with a liposuction cannula and that the general surgeon departed from accepted standards of medical practice by failing to diagnose the injured plaintiff's colonic perforations earlier.
Prior to trial, the claims asserted in the complaint by the injured plaintiff's wife were withdrawn. At the close of evidence, the Supreme Court orally granted the hospital's application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it by the injured plaintiff. The jury subsequently returned a verdict finding that neither the plastic surgeon nor the general surgeon departed from the standard of care. The injured plaintiff appeals from two judgments, one entered in favor of the general surgeon and one entered in favor of the plastic surgeon and her professional limited liability company (hereinafter PLLC), dismissing the complaint insofar as asserted against each of them by the injured plaintiff.
On appeal, the injured plaintiff contends that the Supreme Court erred in granting the hospital's application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it by him. As the hospital correctly contends, that determination is not brought up for review on these appeals from the two judgments entered in favor of the general surgeon and the plastic surgeon and her PLLC, respectively (see CPLR 5501[a]; Charalabidis v Elnagar, 188 AD3d 44, 47-48).
Contrary to the injured plaintiff's further contention, the Supreme Court providently exercised its discretion in permitting counsel to comment on the TAP block in summation. "[C]ounsel is afforded wide latitude in summation to characterize and comment on the evidence" (Kulynska v Agayeva, 188 AD3d 659, 660).
The Supreme Court properly denied the injured plaintiff's request to instruct the jury as to the doctrine of res ipsa loquitur. "Under appropriate circumstances, the evidentiary doctrine of res ipsa loquitur may be invoked to allow the factfinder to infer negligence from the mere happening of an event" (States v Lourdes Hosp., 100 NY2d 208, 211). "Res ipsa loquitur . . . derives from the understanding that some events ordinarily do not occur in the absence of negligence" (id. at 211 [citation omitted]). Here, during cross-examination, the injured plaintiff's expert witnesses testified that the injured plaintiff's colonic perforation could have developed gradually due to preexisting disease, obstruction, or decreased blood supply, and one of those expert witnesses further testified that the injured plaintiff's elevated heart rate and fluid shifts were to be expected after a major surgery and may have been aggravated by the injured plaintiff's sleep apnea. Thus, the injured plaintiff failed to establish, prima facie, that his injuries would not have occurred in the absence of negligence (see Knapp v Soffer, 196 AD3d 551, 552; Koster v Davenport, 142 AD3d 966, 968; Monzon v Chiaramonte, 140 AD3d 1126, 1128; cf. Smith v Sommer, 189 AD3d 906, 909).
The parties' remaining contentions either are without merit or need not be reached in light of the foregoing.
LASALLE, P.J., MILLER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court