Raymond v NYU Winthrop Hosp. (2025 NY Slip Op 04587)

Raymond v NYU Winthrop Hosp.

2025 NY Slip Op 04587

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2021-02847
 (Index No. 603841/18)

[*1]Sharon Raymond, respondent, 
v
NYU Winthrop Hospital, defendant, Stephen Slavin, etc., appellant.

Dorf Nelson & Zauderer, LLP, Rye, NY (Jonathan B. Nelson of counsel), for appellant.
The Rosato Firm, P.C., New York, NY (Joseph S. Rosato and Paul A. Marber of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Stephen Slavin appeals from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), dated April 12, 2021. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2017, in preparation for the plaintiff to have sinus surgery, the defendant Stephen Slavin (hereinafter the defendant) performed a medical procedure known as an endotracheal intubation on the plaintiff. The plaintiff commenced this action against, among others, the defendant, alleging, inter alia, that the defendant was negligent in his performance of the endotracheal intubation. Following discovery, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated April 12, 2021, the Supreme Court, among other things, denied the defendant's motion. The defendant appeals.
"The elements of a medical malpractice cause of action are that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Smith v Sommer, 189 AD3d 906, 907 [internal quotation marks omitted]). "A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any triable issues of fact with respect to at least one of those elements" (id. [citations omitted]; see Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795, 796). "Conclusory statements set forth in an affirmation of a medical expert which do not refute or address the specific allegations of negligence made by the plaintiff in his or her complaint and bill of particulars are insufficient to make a prima facie showing that a defendant physician is entitled to judgment as a matter of law" (Ojeda v Barabe, 202 AD3d 808, 810 [internal quotation marks omitted]; see Bendel v Rajpal, 101 AD3d 662, 663). Moreover, "[s]ummary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions, as such credibility issues can only be resolved by a jury" (Smith v Sommer, 189 AD3d at 907 [internal quotation marks omitted]).
Here, the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him. During his deposition, the defendant could not recall several critical details regarding his intubation of the plaintiff, including the juncture at which he switched from a 7-millimeter endotracheal tube to a 5.5-millimeter one, whether he encountered any resistance when intubating the plaintiff, or what caused his difficulty intubating the plaintiff. Without this information, the defendant's expert nevertheless opined, among other things, that the defendant "appropriately downsiz[ed] the diameter of the endotracheal tube." Under the circumstances, such "bare conclusory assertions" were insufficient to demonstrate the absence of any triable issues of fact (Gentile v Malihan, 179 AD3d 902, 903; see E.K. v Tovar, 185 AD3d 803, 805). The defendant also failed to establish, prima facie, that the alleged departure of care was not a proximate cause of the plaintiff's alleged injuries.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., MILLER, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court